UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

WILLIAM GRECIA,

    Plaintiff,

      v.

J. CREW GROUP, INC.,

    Defendant.

-------------------------------------------------------x

__ Civ. _____ (  )

**COMPLAINT**

**JURY TRIAL DEMANDED**

    William Grecia brings this patent-infringement action against J. Crew Group, Inc. ("J. Crew").

**Parties**

    1.    William Grecia is an individual. He maintains a residence in Downingtown, Pennsylvania.

    2.    J. Crew is a Delaware corporation, having its principal place of business in New York, New York.

**Jurisdiction and Venue**

    3.    This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

    4.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

    5.    This Court may exercise personal jurisdiction over J. Crew. J. Crew conducts

continuous and systematic business in New York and in this District. J. Crew maintains corporate offices in this District, and J. Crew's principal place of business in this district. This patent-infringement case arises directly from J. Crew's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over J. Crew would be consistent with traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1400(b).

**Infringement of U.S. Patent No. 8,533,860**

7. William Grecia hereby realleges and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1-6 above.

8. William Grecia is the exclusive owner of the '860 patent, which is attached as Exhibit 1.

9. The '860 patent is valid and enforceable.

10. J. Crew is infringing at least one of the 30 methods, systems, and apparatuses claimed in the '860 patent by its use of the Masterpass service.

11. For example, and for illustration of at least one of the 30 claims of the '860 patent that Grecia alleges that J. Crew infringes, J. Crew directly infringes claim 11 of the '860 patent as follows:

    a. Claim 11 is, "A non-transitory computer medium comprising ***a program code***, the program code being a part of an operating system software or downloaded in sections from a web server, the operating system software program coupled with a user executing a method for authorizing access to digital content wherein the program code,

when executed in a processor for facilitating access rights between a plurality of data processing devices, performs the following steps . . . ." (Ex. 1, 16:41-48 (emphasis added).) J. Crew uses Masterpass on its website to sell clothing to customers. J. Crew installs program code—specifically, Javascript Library—on the J. Crew website. Through such installation, the J. Crew website displays the Masterpass Check-Out Button and Launch Lightbox and, therefore, causes the installed program code to perform the elements listed in claim 11.

      b.      Claim 11's program code initiates "*receiving* a digital content request from at least one communications console of the plurality of data processing devices, the access request being a read or write request of metadata of the digital content, wherein the read or write request of metadata is *performed in connection with a combination of the operating system software program and a cloud system*, the request comprising *a verification token provided by the user corresponding to the digital content*, wherein the verification token is one or more of a password, e-mail address, payment system, *credit card*, authorize ready device, rights token, key, file, or one or more redeemable instruments of trade . . . ." (Ex. 1, 16:49-60 (emphasis added).) When a customer purchases a shirt from the J. Crew website, for example, the program code J. Crew has installed allows the customer to enter her credit card personal account number ("PAN") through the J. Crew website. The PAN is received as a request to write a token that will be associated with the PAN; the token and not the PAN to be used to purchase the shirt from the J. Crew website.

      c.      Claim 11 "authenticat[es] the verification token . . . ." (Ex. 1, 16:61.)

The J. Crew customer's PAN is authenticated.

  d. Claim 11 includes "establishing a connection with the at least one communications console, wherein the communications console is a combination of a graphic user interface (GUI) and an Applications Programmable Interface (API) wherein the ***API is related to a verified web service***, the web service capable of facilitating a two way data exchange to complete a verification process wherein the data exchange session comprises at least one identification reference" (Ex. 1, 16:62-17:3 (emphasis added).) The program code J. Crew installed on its website facilitates a connection with MasterCard Digital Enablement Service ("MasterCard Web Service"). The connection with the MasterCard Web Service is possible because of an API key exchanged between J. Crew and MasterCard Web Service.

  e. Claim 11 includes "***requesting*** the at least one identification reference from the at least one communications console, wherein the identification reference is one or more of a ***verified web service account identifier***, letter, number, rights token, e-mail, password, access time, serial number, address, manufacturer identification, checksum, operating system version, browser version, credential, cookie, or key . . . [and] ***receiving*** the at least one identification reference from the at least one communications console . . . ." (Ex. 1, 17:4-12 (emphasis added).) The program code that J. Crew installed on its website allows the connection with the MasterCard Web Service and, in turn, allows for the request and the receipt of a token that will be used for the customer's purchase of the shirt instead of the PAN.

  f. Claim 11 includes "***writing*** at least one of the verification token or the

-4-

identification reference into the metadata." (Ex. 1, 17:13-15 (emphasis added).) The program code J. Crew installed on its website allows for the token to be written to the metadata of the customer's digital content. This is illustrated when the customer has completed the purchase of the shirt on the website. The order confirmation lists only the last four digits of the customer's PAN so that J. Crew may match the last four digits of the PAN with the token used to purchase the shirt in J. Crew's records.

### Prayer for Relief

WHEREFORE, William Grecia prays for the following relief against J. Crew:

(a)    Judgment that J. Crew has directly infringed claims of the '860 patent;

(b)    A reasonable royalty;

(c)    Pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d)    Post-judgment injunction; and

(e)    Such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

William Grecia demands a trial by jury on all matters and issues so triable.

Date: September 8, 2016                    Respectfully Submitted,

/s/ Matthew M. Wawrzyn
Matthew M. Wawrzyn (*pro hac vice* pending)
matt@wawrzynlaw.com
WAWRZYN & JARVIS LLC
233 S. Wacker Drive, 84th Floor
Chicago, IL 60606
312.283.8010

*Counsel for William Grecia*